[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8364
The plaintiff wife was married to the defendant husband on July 15, 1956 in Brooklyn, New York. The wife's birth name is D'Arpa.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the filing of the writ, summons and complaint.
Four children were born to the wife, all issue of this marriage. All of the children have reached their majority.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect for any reconciliation, and a decree of dissolution is entered.
This is a marriage of thirty-seven (37) years. The wife will, very shortly, be fifty-six (56) years of age and the husband is fifty-eight (58). The wife's health is good, although she does have a herniated disc and a prosthesis inserted in her left shoulder which severely limits the use of that arm. However, neither of these medical problems have in any way affected her ability to work. The husband, on the other hand, suffered a work related injury which left him with a 33-1/3 percent permanent disability, he suffers from cataracts and a recurring tumor growth in his nose. Since May, 1990, when the husband lost his job, he has had great difficulty finding employment. He admits that his injuries and disability do not preclude him from gainful employment. His wife also testified that she does not believe her husband is a malingerer, in spite of the fact that she claims he failed to follow-up on some employment leads.
The court concludes that both of the parties are extremely hard working and worked as a partnership in almost all phases during their marriage. Both contributed economically and both tended to the needs of the children. Each was supportive of the other, in the pursuit of their careers and educational development.
The wife is a registered nurse and earns approximately 55,000.00 per year based on a forty (40) hour week. She has CT Page 8365 a pension with a present value of $67,800.00. The husband has a 401K with a present value of $14,000.00.
The court has carefully considered the testimony relative to the claims of the parties as to the cause of the breakdown of the marriage. The wife appears to urge that the court give substantial weight to the cause of the breakdown of the marriage. Although the court concludes that the husband's behavior was primarily the cause of the breakdown, nonetheless, cause is only one of the factors which the court must consider. When making an award of alimony, the court is directed by the legislature to consider the following: "the length of the marriage . . . the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 [assignment of property and transfer of title]." Section 46b-82 of the Connecticut General Statutes.
These factors to be considered in awarding any alimony, or in making property distribution under our statutes (46b-81, 46b-82) closely parallel those under former case law. No one factor is controlling. The relevant considerations vary from case to case and depend upon the circumstances of the parties. Chambliss v. Chambliss,171 Conn. 278, 279 (1976). Although the court has concluded that the primary cause of the breakdown was the result of the husband's behavior, nonetheless, alimony or a disproportionate distribution of property should not be awarded or made to a spouse for virtue or as a punishment for wrongdoing.
There is significant parity in many of the aspects which the court must consider under the statutes. Age, education and needs of the parties quickly come to mind. Similarly, there are also disparities such as income, employability, occupation and health.
Taking under consideration all of the factors mandated under 46b-81 and 46b-82 and all of the testimony and exhibits, the court further finds and orders as follows:
1. The wife shall quitclaim all of her right, title CT Page 8366 and interest in the marital home located at 255 Ridgebury Road, Ridgefield, Connecticut, to the husband.
The husband shall, simultaneous with the delivery of the quitclaim deed, execute and deliver to the wife a mortgage deed and mortgage note in the amount of $75,000.00, bearing no interest, which note shall become due and payable upon the happening of the first of the following events: (a) five years from the date herein; (b) upon sale of said premises.
The court makes a finding that the marital home has a fair market value of $350,000.00.
2. The wife shall execute and deliver to the husband, by appropriate Vermont deed, all of her right, title and interest in the Vermont property.
The husband shall, simultaneous with the execution of the deed, execute and deliver to the wife a mortgage deed and mortgage note in the amount of $25,000.00, which amount shall be paid upon the happening of the first of the following events: (a) five years from the date herein; (b) upon sale of said property.
The court makes a finding that the Vermont property has a fair market value of approximately $150,000.00.
3. The husband shall be responsible for the payment of all outstanding, present and future real estate taxes, insurances and all other costs attendant to the ownership of the aforementioned real estate. He shall hold the wife harmless and indemnify her from all claims.
4. The parties have stipulated that the wife may keep and own the personal property shown on Attachment A, with the exception of the microwave and comforter located in the Vermont property, and the SONY television located in the Connecticut property.
The court enters orders in accordance with that stipulation.
5. Except as otherwise provided in this Memorandum of Decision, each of the parties shall retain and keep those assets shown on their respective financial affidavits. CT Page 8367
6. Each of the parties shall be responsible for his or her own costs and attorney's fees.
7. No alimony is awarded to either party. The court's distribution of the assets does not warrant an order of periodic alimony.
Mihalakos, J.